# EXHIBIT A

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Daniel A. Crawford (SBN 187807)<br>Crawford Law Group<br>15303 Ventura Blvd., Ninth Floor<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (818) 571-2920   FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Sharmistha Barai | FOR COURT USE ONLY<br><br>FILED<br>Superior Court Of California,<br>Sacramento<br>10/24/2016<br>tsmith<br>By_____, Deputy<br>Case Number:<br>**34-2016-00202368** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon B. Schaber Courthouse

CASE NAME:
Barai v. Cal. Dept. of State Hospitals, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | JUDGE: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 5; Employment Discrimination, Retaliation, Breach of Contract
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/17/2016

Daniel A. Crawford
(TYPE OR PRINT NAME)

▶ /s/ Daniel A. Crawford
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

```
Roza Crawford (SBN 222380)
Daniel A. Crawford (SBN 187807)
CRAWFORD LAW GROUP
15303 Ventura Blvd., 9th Floor
Sherman Oaks, California 91403
Tel: (818) 571-2921
Fax: (818) 728-6747
rc@crawfordlawgroup.com

Attorneys for Plaintiff
SHARMISTHA BARAI
```

```
FILED
Superior Court Of California,
Sacramento
10/24/2016
tsmith
By_____, Deputy
Case Number:
34-2016-00202368
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| SHARMISTHA BARAI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF STATE HOSPITALS—STOCKTON, a public agency; JUAN C. ARGUELLO, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>Unlimited Jurisdiction<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. EMPLOYMENT DISCRIMINATION (Cal. Govt. Code § 12940, *et seq.*);<br>2. RETALIATION BY EMPLOYER FOR PROTECTED ACTIVITY (Cal. Govt. Code § 12940, *et seq.*);<br>3. EMPLOYMENT DISCRIMINATION (42 U.S.C. §2000e; 42 U.S.C. §12112, *et seq.*);<br>4. RETALIATION BY EMPLOYER FOR PROTECTED ACTIVITY (42 U.S.C. §2000e-3; 42 U.S.C. §12112, *et seq.*);<br>5. BREACH OF CONTRACT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DR. SHARMISTHA BARAI ("BARAI") hereby alleges as follows:

**PARTIES**

1. BARAI is a resident of the State of California. She is, and at all times relevant has been, a physician authorized to practice in the State of California, holding license number 135050.

2. Plaintiff is informed and alleges that Defendant CALIFORNIA DEPARTMENT OF STATE HOSPITALS—STOCKTON ("DHS—Stockton") is a public agency of the State of California.

1
**COMPLAINT**

3. Plaintiff is informed and alleges that Defendant JUAN C. ARGUELLO ("ARGUELLO"), an individual, at the relevant times was the directing officer and/or executive director of DHS-Stockton and an employee of the State of California.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise, of the fictitiously named defendants designated as DOES 1 through 100, inclusive. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant was in some way responsible for, participated in, or contributed to the matters and things complained of herein, and is legally responsible for the damages complained of herein.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants, including each of the fictitiously named defendants, was the agent, principal, employer or employee of each other defendant, and they were acting within the course and scope of such relationship in doing the things herein alleged, or they ratified, acquiesced in, consented to or approved each and all of the acts of each of the other defendants, so that each defendant is jointly and severally responsible and liable for the acts alleged herein.

## GENERAL ALLEGATIONS

6. BARAI is a native of Bengladesh. She entered the United States on a J1 visa in about 2009.

7. On November 3, 2014, BARAI made a written employment contract with DSH – Stockton, for her to work as a Staff Psychiatrist on a permanent basis. That contract stated that BARAI's employment was to commence on July 1, 2015, on the condition that BARAI had received a J-1 visa waiver and had been granted H1-B status by the USCIS. That contract had a term of three years. At the time that contract was made, BARAI and her family were living in Albuquerque, New Mexico. A true and correct copy of that written contract is attached hereto and incorporated herein by reference.

8. On about March 18, 2015, BARAI and DSH – Stockton made a written amendment to her employment contract, adjusting her employment starting date to about April 1, 2015, conditioned on her immigration status. A true and correct copy of that written contract is attached hereto and incorporated herein by reference.

9. On about May 18, 2015, BARAI commenced her employment with DSH – Stockton as a Staff Psychiatrist, pursuant to her employment contract. She and her family had relocated from New Mexico to Stockton, California, due to BARAI's new job.

10. BARAI's employment began with a probationary period for her first 840 hours or work.

11. BARAI worked full-time without incident until July 2015. During that time, she received positive reviews for her work with no complaints about her performance.

12. On July 24, 2015, BARAI was involved in an automobile accident. That occurred outside her work and was not related to her work. A tractor-trailer collided with BARAI's car from the rear.

13. BARAI suffered injuries in the accident which limited her ability to work.

14. BARAI notified her employers about the accident, about her injuries, and about her impaired ability to work. She provided written documentation about her medical condition to her employers.

15. As a result of her impairments after the accident (but not immediately thereafter), BARAI was forced to take a brief leave from her position, with her employers' consent.

16. After a brief leave, as her condition began to improve, BARAI returned to work at a reduced work schedule, with her employers' consent.

17. The plan for BARAI, recommended by her doctors and consented to by her employers, was for her to return to work gradually as her condition improved, and to return to full-time employment in a matter of months as her condition allowed.

18. During that period, BARAI became pregnant and informed her employers about her pregnancy.

19. BARAI's employers required her to return to work on a full-time basis not later than June 20, 2016.

20. BARAI's first scheduled work day after June 20 was June 21, 2016. She returned to work on that day with the intention of working full-time.

21. On the afternoon of June 21, 2016, her first day of returning to full-time work, BARAI was notified she was being terminated and rejected from employment, effective June 29, 2016, for failing to fulfill the terms of her probationary period, due mostly to her reduced work schedule.

22.  BARAI's termination was memorialized in a letter dated June 21, 2016, signed by Defendant ARGUELLO, as DO, Executive Director, DHS – Stockton. The letter contained several demonstrably inaccurate statements as purported support for her termination.

23.  The reasons provided to BARAI by her employers for her termination were false and pretextual. BARAI is informed and alleges that there were reasonable accommodations for her condition which could have been made by her employers without compromising the essential functions of her job as a staff psychiatrist, such as allowing her to continue on a reduced schedule and caseload for a temporary period while she finished healing. BARAI contends she was actually terminated as a result of discrimination and retaliation by her employers.

24.  BARAI has exhausted all administrative remedies for the claims herein which are based on California state law.

25.  BARAI has presented the claims herein which are based on federal law to the United Stated Equal Employment Opportunity Commission ("EEOC"), which is processing BARAI's administrative claim. BARAI will exhaust all administrative remedies for the claims herein which are based on federal law prior to trial.

**FIRST CAUSE OF ACTION
FOR EMPLOYMENT DISCRIMINATION
(Cal. Govt. Code § 12940, *et seq.*)**
(Against All Defendants)

26.  BARAI repeats and realleges Paragraphs 1-25, inclusive, as though set forth fully herein.

27.  As alleged herein, Defendants discriminated against BARAI in her employment based on her disability, her pregnancy, her sex, her national origin, and/or her race/ethnicity.

28.  As alleged herein, Defendants failed and refused to provide reasonable accommodations for her disability or pregnancy, which were available and would have allowed her to continue her employment.

29.  As a direct and proximate result of Defendants' illegal and discriminatory conduct as alleged herein, BARAI was damaged in an amount in excess of $300,000.00, subject to proof at trial.

30. In doing the things alleged herein, Defendants acted with conscious disregard of BARAI's rights or with an intent to injure BARAI, such that Defendants' conduct constituted oppression, fraud or malice, entitling BARAI to an award of exemplary or punitive damages.

## SECOND CAUSE OF ACTION
## FOR RETALIATION BY EMPLOYER FOR PROTECTED ACTIVITY
(Cal. Govt. Code § 12940, *et seq.*)
(Against All Defendants)

31. BARAI repeats and realleges Paragraphs 1-30, inclusive, as though set forth fully herein.

32. As alleged herein, Defendants retaliated against BARAI after she engaged in protected activity by seeking a reasonable accommodation and seeking to enforce her rights to be free from discrimination in her employment.

33. As a direct and proximate result of Defendants' illegal and discriminatory conduct as alleged herein, BARAI was damaged in an amount in excess of $300,000.00, subject to proof at trial.

34. In doing the things alleged herein, Defendants acted with conscious disregard of BARAI's rights or with an intent to injure BARAI, such that Defendants' conduct constituted oppression, fraud or malice, entitling BARAI to an award of exemplary or punitive damages.

## THIRD CAUSE OF ACTION
## FOR EMPLOYMENT DISCRIMINATION
(42 U.S.C. §2000e; 42 U.S.C. §12112, *et seq.*)
(Against All Defendants)

35. BARAI repeats and realleges Paragraphs 1-33, inclusive, as though set forth fully herein.

36. As alleged herein, Defendants discriminated against BARAI in her employment based on her disability, her pregnancy, her sex, her national origin, and/or her race/ethnicity.

37. As alleged herein, Defendants failed and refused to provide reasonable accommodations for her disability or pregnancy, which were available and would have allowed her to continue her employment.

38. As a direct and proximate result of Defendants' illegal and discriminatory conduct as alleged herein, BARAI was damaged in an amount in excess of $300,000.00, subject to proof at trial.

...

39. In doing the things alleged herein, Defendants acted with conscious disregard of BARAI's rights or with an intent to injure BARAI, such that Defendants' conduct constituted oppression, fraud or malice, entitling BARAI to an award of exemplary or punitive damages.

### FOURTH CAUSE OF ACTION
### FOR RETALIATION BY EMPLOYER FOR PROTECTED ACTIVITY
(42 U.S.C. §2000e-3; 42 U.S.C. §12112, *et seq.*)
(Against All Defendants)

40. BARAI repeats and realleges Paragraphs 1-39, inclusive, as though set forth fully herein.

41. As alleged herein, Defendants retaliated against BARAI after she engaged in protected activity by seeking a reasonable accommodation and seeking to enforce her rights to be free from discrimination in her employment.

42. As a direct and proximate result of Defendants' illegal and discriminatory conduct as alleged herein, BARAI was damaged in an amount in excess of $300,000.00, subject to proof at trial.

43. In doing the things alleged herein, Defendants acted with conscious disregard of BARAI's rights or with an intent to injure BARAI, such that Defendants' conduct constituted oppression, fraud or malice, entitling BARAI to an award of exemplary or punitive damages.

### FIFTH CAUSE OF ACTION
### FOR BREACH CONTRACT
(Against Defendants CALIFORNIA DEPARTMENT OF STATE HOSPITALS—STOCKTON and DOES 1-100, inclusive)

44. BARAI repeats and realleges Paragraphs 1-43, inclusive, as though set forth fully herein.

45. As alleged herein, BARAI and Defendants entered into a written contract for her employment.

46. In reasonable reliance on that written contract, BARAI moved her household and her family from New Mexico to Stockton, California. She also did not pursue other employment opportunities.

47. BARAI fulfilled all duties and conditions under that contract, except as were excused by Defendants' breach.

48. Defendants breached the contract by unlawfully terminating BARAI's employment before the expiration of the term without legal justification.

49. As a direct and proximate result of Defendants' conduct as alleged herein, BARAI was damaged in an amount in excess of $300,000.00, subject to proof at trial.

6
COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff SHARMISTHA BARAI prays for judgment in her favor, and against Defendants and each of them, as follows:

1. For compensatory damages in the amount of $300,000 or such greater amount as may be proven at trial;
2. For general damages in an amount as may be proven at trial;
3. For consequential and incidental damages in an amount as may be proven at trial;
4. For exemplary and/or punitive damages in an amount as may be proven at trial;
5. For pre-judgment interest according to proof;
6. For an award of all reasonable attorney's fees incurred;
7. For costs of suit herein; and,
8. For such other and further relief as the Court deems just and proper.

Dated: October 17, 2016

By _____
Roza Crawford
CRAWFORD LAW GROUP
Attorneys for Plaintiff
SHARMISTHA BARAI

## DEMAND FOR JURY TRIAL

Plaintiff SHARMISTHA BARAI hereby demands a trial by jury in the above-entitled action on all issues and questions which may be submitted to a jury.

Dated: October 17, 2016

By /s/ Roza Crawford
Roza Crawford
CRAWFORD LAW GROUP
Attorneys for Plaintiff
SHARMISTHA BARAI

# EXHIBIT A

## Employment Contract

This contract is specifically executed in compliance with federal regulations set forth at 8 CFR Sec. 212.7(c)(9)(i) regarding waiver of the two-year foreign residency requirement for J-1 foreign medical graduates.

Employer, the California Department of State Hospitals (DSH) offers employment to Dr. Sharmistha Baral (Employee) as a primary care Staff Psychiatrist at the Department of State Hospitals – Stockton (DSH-Stockton) located within the California Health Care Facility at 7707 South Austin Rd. Stockton, CA 95215. Dr. Baral will be employed solely at this institution, which has been designated as a Mental Health Professional Shortage Area (HPSA) by the U.S. Department of Health and Human Services.

As of July 1, 2015, Dr. Baral has accepted permanent employment as a Staff Psychiatrist for a minimum of three years at no less than 40 hours per week providing primary care services, at a salary range of $23.290 per month under the terms of the enclosed collective bargaining agreement with the Union of American Physicians and Dentists (UAPD). Her employment is consistent with the DSH mission to provide adequate and effective health care services to the patient population comparable to the national standards.

DSH-Stockton has offered Dr. Baral employment and she has accepted the position with a start date of July 1, 2015. We confirm that a condition of this agreement is that DSH-Stockton is able to begin Dr. Baral's employment within 90 days of J-1 visa waiver approval provided that we have secured H-1B status to legally employ her pursuant to U.S. Citizenship and Immigration Services (USCIS) guidelines.

We further confirm that all other terms of Dr. Barai's employment aside from those specified in the paragraphs above are governed by the laws of the State of California relevant to employment as an employee of the State of California. Nothing in this agreement waives the California Department of State Hospitals' rights to terminate Dr. Barai's employment in accordance with such laws before or after the three-year period specified above.

Juan Carlos Arguello

Medical Director & Chief Psychiatrist

California Department of State Hospitals - Stockton

Dated: 11/3/14

Dr. Sharmistha Barai

2324 Academic Pl, SE

Albuquerque, NM 87106

Dated: 11/03/14

# EXHIBIT B

State of California                                                                  Department of State Hospitals
Department of Health & Human Services Agency



## Amendment to Employment Contract

This amendment is made to the Employment Contract previously signed on November 3, 2014 by Dr. Juan Carlos Arguello of the California Department of State Hospitals (EMPLOYER) and Dr. Sharmistha Barai (EMPLOYEE).

It is mutually understood and agreed by and between the undersigned contracting parties to amend that previously executed agreement as follows:

*EMPLOYER has offered EMPLOYEE employment and she has accepted the position with a revised start date on or around April 1, 2015, provided that H-1B nonimmigrant visa status has been secured for EMPLOYEE.*

All other terms and conditions that are not hereby amended are to remain in full force and effect.

_____
Juan Carlos Arguello
Medical Director & Chief Psychiatrist
California Department of State Hospitals - Stockton
Dated: 3/17/15

_____
Dr. Sharmistha Barai
2324 Academic Pl, SE
Albuquerque, NM 87106
Dated: 03|18|15

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CALIFORNIA DEPARTMENT OF STATE HOSPITALS— STOCKTON; JUAN C. ARGUELLO

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARMISTHA BARAI

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court Of California,
Sacramento
10/24/2016
tsmith
By_____, Deputy
Case Number:
34-2016-00202568

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento Superior Court, Gordon B. Schaber Courthouse,
720 Ninth Street, Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roza Crawford, 15303 Ventura Blvd., 9th Floor, Sherman Oaks, CA 91403, (818) 571-2921

DATE: **OCT 2 4 2016**   Clerk, by _____, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use      SUMMONS      Code of Civil Procedure §§ 412.20, 465

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET | |
| MAILING ADDRESS: 720 Ninth STREET | |
| CITY AND ZIPCODE: Sacramento, CA 95814-1311 | |
| BRANCH NAME: Gordon D Schaber Courthouse | |
| PHONE NUMBER: (916) 874-5522 | |

**SHORT TITLE:** Barai vs. California Department of State Hospitals Stoc

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR | CASE NUMBER: 34-2016-00202368-CU-OE-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 04/27/2017 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/26/2016

*[signature]*

Gerrit W. Wood, Judge of the Superior Court